David A. Bricklin, ISB No. 8565
bricklin@bnd-law.com
Bryan Telegin, WSBA No. 46686
telegin@bnd-law.com
Zachary K. Griefen, WSBA No. 48608
greiefen@bnd-law.com
Bricklin & Newman, LLP
1424 Fourth Avenue, Suite 500
Seattle, WA 98154
Telephone: (206) 264-8600
Facsimile: (206) 264-9300
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
CENTRAL DIVISION

| | |
|---|---|
| SNAKE RIVER WATERKEEPER,<br><br>                         Plaintiff,<br><br>     v.<br><br>IDAHO DEPARTMENT OF CORRECTION; JOSH TEWALT, its Director; JEFF ZMUDA, its Deputy Director; CHAD PAGE, its Chief of Prisons; and DR. DAVID MCCLUSKY; DODDS HAYDEN, and DR. KAREN NEILL, its Board Members,<br><br>                         Defendants. | NO.<br><br>COMPLAINT |

Plaintiff Snake River Waterkeeper, by and through its counsel, hereby alleges:

## I.    INTRODUCTION

1.    This is a civil suit brought under the citizen suit enforcement provisions of the Federal Water Pollution Control Act, 33 U.S.C. § 1365 (the "Clean Water Act" or "CWA") against

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 1

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

Defendant Idaho Department of Correction and its individually named officers and board members (collectively herein, "IDOC" or "Defendants") for past and continuing violations of Section 301(a) of the Clean Water Act and the terms and provisions of IDOC's National Pollutant Discharge Elimination System ("NPDES") Permit No. ID0025887, issued for the Northern Idaho Correctional Institution located at 236 Radar Road in Cottonwood.

2.     Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant into waters of the United States from a "point source," unless the discharge complies with various enumerated sections of the CWA. Among other things, Section 301(a) prohibits discharges not authorized by, or in violation of, the terms of a valid National Pollutant Discharge Elimination System ("NPDES") permit issued pursuant to Section 402(p) of the CWA, 33 U.S.C. § 1342(p).

3.     NPDES Permit No. ID0025887 (the "Permit") authorizes IDOC to discharge pollutants to waters of the United States and sets out terms and conditions with which IDOC must comply.

4.     IDOC's violations result from its discharges of pollutants into an unnamed creek and downstream receiving waters including Lawyer Creek (which is within the boundary of the Nez Perce Indian Reservation), the Clearwater River, and the Snake River in excess and/or violation of the terms conditions set forth in the Permit, as well as Defendants' failure to comply with the monitoring and reporting requirements set forth in the Permit.

5.     Among the terms and conditions set forth in the Permit are effluent limitations for a variety of pollutants.

6.     IDOC has exceeded the effluent limitations in the Permit at least 160 times since January 1, 2018.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 2

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

7.      IDOC has failed to file annual reports and other monitoring and reporting required by the Permit.

8.      Plaintiff seeks declaratory and injunctive relief, civil penalties, litigation costs, and other relief that may be ordered by the Court to bring IDOC into compliance with the Permit and the Clean Water Act, and thereby protect public waters in Idaho.

## II.      JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over the parties and subject matter jurisdiction of this action pursuant to Section 505(a)(1) of the Clean Water Act, 33 U.S.C. § 1365(a)(1) and 28 U.S.C. § 1331 (an action for declaratory and injunctive relief arising under the Constitution and laws of the United States).

10.     Plaintiff has complied with the statutory notice requirements under Section 505(a)(1) of the CWA, 33 U.S.C. § 1365(a)(1), and the corresponding regulations at 40 C.F.R. § 135.2.

11.     On March 9, 2020, Snake River Waterkeeper provided IDOC and the individually-named defendants with notice of its intention to file suit for violations of the Clean Water Act at the Northern Idaho Correctional Institution by sending a 60-day notice letter ("Notice Letter") via certified mail pursuant to 33 U.S.C. § 1365(a)(1) and 40 C.F.R. § 135.2(a)(2).

12.     A copy of the Notice Letter was sent to the Administrator of the United States Environmental Protection Agency ("EPA"), the Administrator of EPA Region 10, and the Director of the Idaho Department of Environmental Quality pursuant to the CWA, 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. § 135.2(a)(2).

13.     A true and correct copy of Plaintiff's Notice Letter is attached as Exhibit A to this Compliant and is incorporated here by reference.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 3

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

14.     More than sixty days have passed since the Notice Letter was served on Defendants and the state and federal agencies.

15.     Neither the EPA nor the State of Idaho has commenced or is diligently prosecuting a court action to redress the violations alleged in this complaint. 33 U.S.C. § 1365(b)(1)(B).

16.     Venue is proper in the District of Idaho pursuant to Section 505(c)(1) of the Clean Water Act, 33 U.S.C. § 1365(c)(1), because the source of the violations is located within this judicial district.

### III.     PARTIES

17.     Plaintiff Snake River Waterkeeper ("SRW") is a not-for-profit organization which aims to provide fishable, swimmable and drinkable local waterways through public ownership and citizen stewardship. SRW conducts surveillance of the Snake River Basin ("River") and reaches out to river users who share its commitment to a river that is swimmable, fishable, and properly regulated. SRW serves as the eyes, ears, and public voice of the River. SRW's office is located at 2123 N. 16th Street, Boise, Idaho 83702.

18.     Defendant IDOC owns and, with its individually-named co-defendants, operates the Northern Idaho Correctional Institution ("Facility"). The Facility is located at 236 Radar Road in Cottonwood, Idaho.

19.     Defendant Josh Tewalt is IDOC's Director.

20.     Defendant Jeff Zmuda is IDOC's Deputy Director.

21.     Defendant Chad Page is IDOC's Chief of Prisons.

22.     Defendants Dr. David McClusky, Dodds Hayden, and Dr. Karen Neill are IDOC's Board Members.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 4

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

23.     IDOC's Facility discharges to unnamed creek and downstream receiving waters including Lawyer Creek (which is within the boundary of the Nez Perce Indian Reservation), and the Clearwater River, a tributary to the Snake River. SRW's members in the Snake River Basin area use and enjoy the areas impacted by the Facility. SRW's members use and enjoyment of waterbodies impacted by the Facility has been, are being, and will continue to be adversely affected by the Defendants' failure to comply with the Clean Water Act and the Permit. Violations of the CWA affect not only Cottonwood and surrounding areas but also damage the ecological integrity of the entire Clearwater River Basin. The Basin provides drinking water, recreational opportunities in fishing and whitewater rafting, kayaking, and canoeing. Additionally, the Basin is of great cultural significance to the Native American Tribes who have historically and currently inhabit the area. The discharge of pollutants by IDOC impairs each of the previously stated uses of the Basin by SRW's members. SRW has no adequate remedy at law.

24.     Defendants' violations of the Permit negatively affect SRW's members' use of the Basin because effluent and unknown discharges into the River and its tributaries negatively impacts aquatic species and contributes to a reasonable fear of pollution. This reasonable fear reduces SRW members' ability to enjoy the Basin for a variety of recreational and other activities.

25.     Defendants' failure to adhere to the terms of the Permit also harms the organizational interests of SRW. The protection and improvement of the environment and water quality of waterbodies in the Snake River Basin are important parts of SRW's goals and mission. A critical component of these goals is ensuring compliance with federal laws, such as the Clean Water Act. When IDOC violates its Permit, it adversely affects water quality and the organizational interests of SRW. When state agencies ignore requirements of federal law, it sets a dangerous precedent that

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

discharges do not have to meet the requirements of the Clean Water Act, resulting in negative environmental damage to the River, its tributaries, and the State of Idaho.

26.     For the reasons described above, SRW has suffered and continues to suffer injury-in-fact on account of IDOC's failure to comply with the Clean Water Act as alleged herein. SRW's injury-in-fact is fairly traceable to the IDOC's conduct and would be redressed by the relief SRW seeks in this action.

## IV.     FACTS

27.     Sections S1.A and S4.A of the Permit explicitly established influent/effluent limitations, design criteria, and other requirements governing the operation of the Facility.

28.     From the period from January 2018 to the date of the filing of the Notice Letter, Defendants violated the requirements of the Permit more than 160 times, including design criteria exceedance violations of total suspended solids ("TSS") and Biochemical Oxygen Demand ("BOD"), and permit scheduling violations. The Notice Letter attached hereto as Exhibit A and incorporated by reference includes charts of these violations.

29.     Additional Permit violations have occurred since the filing of the Notice Letter and are expected to continue until relief is granted by the Court.

30.     Section S3.A of the Permit requires IDOC to submit monthly Discharge Monitoring Reports ("DMRs") by the fifteenth day of each month that summarize, report, and submit monitoring data obtained during each monitoring period.

31.     During the five years prior to this letter, IDOC has failed to complete regulated Facility activities as required by the NPDES permit.  The Notice Letter attached hereto as Exhibit A and incorporated by reference includes charts of these violations.

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

32.     The significant and continual violations described above demonstrate that IDOC is not properly operating and maintaining the Facility and demonstrate repeated and ongoing violations of the Permit and the Clean Water Act.

33.     Plaintiff has a reasonable belief that these violations will continue unless relief is granted by the Court.

## V.  CLAIM FOR RELIEF

## FIRST CLAIM FOR RELIEF

**VIOLATION OF CLEAN WATER ACT LIMITS ON DISCHARGING POLLUTION: THE PAST AND CONTINUING DISCHARGE OF POLLUTANTS HAS VIOLATED THE TERMS AND CONDITIONS OF IDOC'S NPDES PERMIT AND THUS SECTION 301(A) OF THE CLEAN WATER ACT.**

34.     Each and every allegation set forth above is incorporated herein by reference.

35.     Section 301(a) of the Clean Water Act requires compliance with all terms and conditions included in an NPDES pollution permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1311(a).

36.     The Permit has explicit limits for biochemical oxygen demand, total suspended solids, fecal coliform bacteria, pH, ammonia, and other requirements.

37.     Defendants violated the requirements of the Permit more than 160 times, including design criteria exceedance violations of total suspended solids ("TSS") and Biochemical Oxygen Demand ("BOD"), and permit scheduling violations.

38.     Each exceedance of an effluent limitation is a separate and distinct violation of the Permit and the Clean Water Act.

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

39.     Plaintiff has a good faith belief that Defendant is in continuing violation of the Permit and will continue to violate the limitations for total suspended solids, biological oxygen demand, numeric effluent violations of flow, ammonia, pH and\or other Permit terms and conditions.

40.     Further, IDOC has failed to timely submit DMRs to the EPA as required by the NPDES permit.

41.     Every day that the Defendant has failed to comply with the requirements of the Permit constitutes separate and distinct violations of the terms of the Permit and, therefore, a separate and distinct violation of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a).

42.     By committing the acts and omissions alleged above, Defendant is subject to an assessment of civil penalties for all violations of the Permit and the Clean Water Act occurring within the past five years pursuant to the Act, Sections 309(d) and 505, 33 U.S.C. §§ 1319(d) and 1365.

43.     An action for injunctive relief under the Clean Water Act is authorized by 33 U.S.C. § 1365(a).  Continuing commission of the acts and omissions alleged above would irreparably harm Plaintiff and the citizens of the State of Washington, for which harm they have no plain, speedy or adequate remedy at law.

## VI.     RELIEF REQUESTED

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

1.     An order declaring that Defendant has violated and continues to be in violation of Clean Water Act, Section 301(a), 33 U.S.C. § 1311(a), for discharging pollutants in violation of NPDES Permit No. ID0025887;

2.     An order enjoining Defendant from violating the substantive and procedural requirements of NPDES Permit No. ID0025887;

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 8

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

3.      An order awarding Plaintiff its reasonable costs of suit, including attorney, witness, and consultant fees, as provided for by Clean Water Act, Sections 309(d) and 505(a), 33 U.S.C. § 1365(d);

4.      An order requiring Defendant to pay civil penalties up to the statutory maximum of $55,800 per day, per violation for each violation of the Act pursuant to Sections 309(d) and 505(a) of the Act, 33 U.S.C. §§ 1319(d) and 1365(a), and 40 C.F.R. §§ 19.1–19.4;

5.      Maintain continuing jurisdiction over Defendant to ensure that reporting obligations are met and that upgrades to the Facility meet the limitations and others conditions in the Permit; and

6.      Award such other relief as this Court may deem appropriate.

DATED this 13th day of August, 2020.

Respectfully submitted,

BRICKLIN & NEWMAN, LLP

By:     /s/ David A. Bricklin
By:     /s/ Bryan Telegin
By:     /s/ Zachary K. Griefen
        David A. Bricklin, ID Bar No. 8565
        Bryan Telegin, WSBA No. 46686*
        Zachary K. Griefen, WSBA No. 48608*
        1424 Fourth Avenue, Suite 500
        Seattle, WA  98101
        Telephone:  206-264-8600
        Facsimile:  206-264-9300
        E-mail: bricklin@bnd-law.com
        E-mail: telegin@bnd-law.com
        E-mail: griefen@bnd-law.com
        *Counsel for Plaintiff Snake River Waterkeeper*

        *Applications for the admission *pro hac vice* of attorneys Telegin and Griefen will be filed promptly.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 9

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300