David A. Bricklin, ISB No. 8565
bricklin@bnd-law.com
Bryan Telegin, WSBA No. 46686
telegin@bnd-law.com
Zachary K. Griefen, WSBA No. 48608
griefen@bnd-law.com
Bricklin & Newman, LLP
1424 Fourth Avenue, Suite 500
Seattle, WA 98154
Telephone: (206) 264-8600
Facsimile: (206) 264-9300
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
CENTRAL DIVISION

| | |
|---|---|
| SNAKE RIVER WATERKEEPER,<br><br>                  Plaintiff,<br><br>   v.<br><br>IDAHO DEPARTMENT OF CORRECTION; JOSH TEWALT, its Director; JEFF ZMUDA, its Deputy Director; CHAD PAGE, its Chief of Prisons; and DR. DAVID MCCLUSKY; DODDS HAYDEN, and DR. KAREN NEILL, its Board Members,<br><br>                  Defendants. | NO. 3:20-cv-00398-CWD<br><br>CONSENT DECREE |

      WHEREAS, Plaintiff Snake River Waterkeeper ("Waterkeeper") is a regional, nonprofit environmental organization;

      WHEREAS, the Idaho Department of Correction is an agency of the State of Idaho and owns and operates the Northern Idaho Correctional Institution located at 236 Radar Road in Cottonwood, Idaho (the "Facility");

CONSENT DECREE - 1

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

WHEREAS, National Pollutant Discharge Elimination System ("NPDES") Permit No. ID0025887 (the "Permit") authorizes the Facility to discharge pollutants to waters of the United States and sets out terms and conditions with which the Facility must comply;

WHEREAS, Waterkeeper filed this action on August 13, 2020, against Defendants Idaho Department of Correction and its individually named officers and board members (collectively, "IDOC"), alleging violations of the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 et seq., (the "Clean Water Act") and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs;

WHEREAS, Waterkeeper has alleged that the Facility discharges pollutants into an unnamed creek and downstream receiving waters including Lawyer Creek, the Clearwater River, and the Snake River in excess and/or violation of the terms and conditions set forth in the Permit;

WHEREAS, Waterkeeper has also alleged that IDOC has failed to comply with the monitoring and reporting requirements set forth in the Permit;

WHEREAS, Waterkeeper has specifically alleged in its amended complaint (the "Complaint") and in a letter dated March 9, 2020, sent to IDOC and others (the "Notice Letter"), that IDOC has violated and continues to violate Section 505 of the Federal Clean Water Act ("CWA" or "Act"), 33 U.S.C. § 1365(a);

WHEREAS, Waterkeeper and IDOC (collectively, "the Parties" or individually "Party") agree that resolution of this matter without further litigation is in the best interest of the Parties and the public, and that entry of this Decree is the most appropriate means of resolving this action;

WHEREAS, in full and final settlement of the matters alleged in the Complaint, IDOC has agreed to make certain payments to Waterkeeper, fund a supplemental environmental project, and implement certain measures described below, that are intended to prevent the discharge of pollutants in excess of discharges allowed under the Permit.

NOW, THEREFORE, without the trial of any issue of fact or law, without the admission by IDOC of any of the facts or violations alleged in the Complaint, upon consent of the Parties, and upon consideration of the mutual promises contained herein,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## I.   JURISDICTION AND VENUE

1. Jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question) and 33 U.S.C. § 1365(a) (Clean Water Act jurisdiction). An actual, justiciable controversy exists between Plaintiff and Defendant. The requested relief is proper under 28 U.S.C. § 2201, 28 U.S.C. § 2202 and 33 U.S.C. § 1365(a).

CONSENT DECREE - 2

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

2. Venue is properly vested in this Court pursuant to 33 U.S.C. § 1365(c)(1), because the alleged events giving rise to this action occurred in Cottonwood, Idaho, which is located within this judicial district.

## II.   COMPLIANCE PROGRAM

3. IDOC shall file all required monthly discharge monitoring reports ("DMRs") with the appropriate regulatory agency. In addition, IDOC shall provide copies of its DMRs to Waterkeeper for a period of 18 months from the completion of all actions required by the Consent Decree.

4. IDOC shall perform all required surface water monitoring and file its surface water monitoring reports on or before January 31 as required by paragraph 1.C.7.a of the Permit. In addition, IDOC shall provide a copy of its surface water monitoring reports to Waterkeeper during the term of the Consent Decree.

5. IDOC will consult with its contractor regarding the need to install and implement a polymer dosing system in the Waste Water Treatment Plant in Spring 2022. The polymer system is intended to bind and coagulate solids in the influent, causing it to sink in the settling pond. IDOC will advise Waterkeeper regarding any recommendations by IDOC's contractor. If IDOC's contractor recommends implementation of a polymer dosing system, IDOC shall develop a plan and schedule to implement such recommendations and provide a copy of the plan and schedule to Waterkeeper within ninety days of the adoption of the plan. IDOC will implement the recommendations in accordance with the schedule.

6. IDOC shall contract for a study to explore options to increase the efficiency of the biologic colony present in the settling pond, including but not limited to whether additional aerators in the settling pond are advisable. If additional actions are recommended by IDOC's contractor, IDOC shall develop a plan and schedule to implement such recommendations and provide a copy of the plan and schedule to Waterkeeper within ninety days of the effective date of this Agreement. IDOC will implement the recommendations in accordance with the schedule.

7. In consultation with the Idaho Department of Public Works, IDOC is developing a plan and schedule to improve the headworks at the Facility Waste Water Treatment Plant. IDOC shall provide a copy of the plan and schedule to Waterkeeper within ninety days of the effective date of this Agreement. IDOC will implement the improvements to the headworks in accordance with the schedule.

## III.   MONITORING PROGRAM

8. During the term of this Decree, Waterkeeper, at its own cost and expense, may conduct one (1) site inspection at the Facility. The site inspection shall occur during normal business hours and upon two (2) days prior notice including notice to IDOC's counsel. During the site inspection, Waterkeeper's representatives may collect water and soil samples, take photos at the Facility, and monitor compliance with the Clean Water Act and the Decree. Any such samples shall be split samples with one of the split samples remaining in the possession of IDOC.

CONSENT DECREE - 3

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

9. During the term of this Decree, Defendant shall copy Waterkeeper on all documents related to Clean Water Act compliance regarding the Facility submitted to the EPA or the Idaho Department of Environmental Quality (including lab reports). Such documents shall be provided to Waterkeeper within ten days of being sent to the agencies.

## IV.   SUPPLEMENTAL ENVIRONMENTAL PROJECT

10. Within ninety days of the Effective Date, Defendant shall make a Supplemental Environmental Project ("SEP") payment totaling twenty thousand dollars ($20,000) to the Nez Perce Tribe's Water Resources Division for the environmental protection and restoration of, or other environmental benefit to, the Snake River Watershed, more specifically to fund water quality assessment and restoration projects within the Lawyer Creek Watershed along the unnamed tributary to Lawyer Creek into which the Facility discharges. Defendant shall notify Waterkeeper in writing when the SEP payment is made and provide a copy of the check.

11. None of the SEP payment shall be disbursed to Waterkeeper.

## V.   LITIGATION FEES AND COSTS

12. Within sixty days of entry of the consent decree, IDOC shall pay twenty-five thousand dollars ($25,000) to Waterkeeper's counsel, Bricklin & Newman, LLP for Waterkeeper's reasonable attorney fees and litigation costs in this matter. This payment shall serve as a full and complete satisfaction of Waterkeeper's claim for attorneys' fees and costs incurred in this matter. The litigation fees and costs payment shall be made by a check payable to Bricklin & Newman, LLP, sent to the following address:

Bricklin & Newman, LLP
c/o Peggy Cahill
1265 Xenia Street
Bellingham, WA  98229

## VI.   EFFECT OF DECREE

13. The Complaint is dismissed with prejudice. Waterkeeper covenants not to sue and releases and discharges IDOC (and its subsidiaries, officers, directors, shareholders, representatives, assigns, agents, consultants, employees, officers, and attorneys, including those who have held positions in the past) from any and all claims, causes of action, or liability under Section 505 of the Clean Water Act, 33 U.S.C. § 1365, for damages, penalties, fines, injunctive relief, past and future attorney's fees, past and future costs, or any other claim or relief (i) relating to, resulting from or alleging noncompliance with the Clean Water Act at the Facility occurring prior to the date the Court enters this Decree and for any violations that were alleged, or could have been alleged, in the Complaint. Waterkeeper further covenants not to file a new lawsuit against IDOC during the 18-month term of this Decree, except for the purpose of enforcing the terms of this Decree. Notwithstanding

CONSENT DECREE - 4

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

anything to the contrary contained herein, Waterkeeper retains all rights necessary to enforce the terms of this Decree, including by the filing of a lawsuit.

14. IDOC covenants not to sue and releases and discharges Waterkeeper (and its subsidiaries, officers, directors, trustees, representatives, assigns, agents, consultants, employees, officers, and attorneys, including those who have held positions in the past) from any and all claims, liability, demands, penalties, costs, and causes of action of every nature which concern or are connected with Waterkeeper's investigation of and actions regarding IDOC.

15. Neither this Decree, nor terms thereof, nor performance of the terms thereunder by IDOC shall constitute or be construed as an admission or acknowledgment by IDOC of the factual or legal assertions contained in this Decree or in the Complaint or in the Notice Letter, and IDOC retains the right to controvert in any subsequent proceedings, other than proceedings for the purpose of enforcing this Decree, the validity of the facts or determinations contained in this Decree or the Complaint or the Notice Letter. Neither this Decree, nor terms thereof, nor performance of the terms thereunder, shall constitute or be construed as an admission or acknowledgment by IDOC of any liability, or an admission of violation of any law, by IDOC or by its officers, directors, employees, agents, successors, or assigns.

16. Waterkeeper does not, by consent to the Decree, warrant or aver in any manner that IDOC's compliance with this Decree will constitute or result in compliance with federal or state law or regulation. Nothing in this Decree shall be construed to affect or limit in any way the obligation of IDOC to comply with all federal, state, and local laws and regulations governing any activity required by this Decree.

## VII. REVIEW AND TERM OF DECREE

17. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), this Consent Decree cannot be entered until forty-five (45) days after the receipt of a copy of the proposed Consent Decree by the United States Attorney General and the EPA. Therefore, after the signing of this Decree by the Parties, the Parties shall jointly inform the Court of the Decree, and Waterkeeper shall serve copies of this Decree upon the EPA Administrator, the Regional EPA Administrator, and the Attorney General for review, as required by 40 C.F.R. § 135.5.

18. Upon the expiration of the forty-five-day review period provided by 33 U.S.C. § 1365(c)(3), the Parties will jointly move the Court for entry of this Decree. This Decree shall take effect on the date it is entered by this Court (the "Effective Date") and the respective obligations and rights of the Parties hereunder shall terminate upon the following: (1) both (a) eighteen (18) months have passed from the Effective Date; and (b) completion of all payment obligations set forth in this Decree; or (2) the mutual agreement of the Parties. If for any reason the Court should decline to approve this Decree in the form presented, the Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Decree.

## VIII. MODIFICATION AND ENFORCEMENT OF DECREE

CONSENT DECREE - 5

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

19. This Decree may be modified only upon written consent of the Parties and the approval of the Court.

20. This Court shall retain jurisdiction over this matter and allow this action to be reopened for the purpose of enabling the Parties to this Decree to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Decree. If the Court does not agree to retain jurisdiction over this matter, then this Consent Decree will remain in full force and effect between the Parties, and any Party may institute a new action in the United States District Court for the District of Idaho concerning their respective rights and obligations under this Decree.

### IX.    MISCELLANEOUS PROVISIONS

21. Entire Agreement. This Decree constitutes the entire agreement among the Parties concerning the subject matter hereof and supersedes all previous correspondence, communications, agreements and understandings, whether oral or written, among the Parties.

22. Notices. Any notice, demand, copies of documents and other communications required to be made under the provisions of this Decree (collectively, "Notices") by any Party hereto shall be effective only if in writing and either (a) emailed, (b) personally served, (c) mailed by United States registered or certified mail, return receipt requested, postage prepaid, or (d) sent by a nationally recognized courier service (i.e., Federal Express) for next-day delivery, to be confirmed in writing by such courier. Notices shall be directed to the Parties at their respective addresses set forth below. Notices given in the foregoing manner shall be deemed given when (a) sent via email, (b) actually received or refused by the party to whom sent if delivered by courier, or (c) if mailed, on the day of actual delivery as shown by the addressee's registered or certified mail receipt or at the expiration of three (3) business days after the date of mailing, whichever first occurs.

Notices for Plaintiff shall be sent to:

F.S. "Buck" Ryan
Executive Director
Snake River Waterkeeper
2123 North 16th St.
Boise, ID 83702
buck@snakeriverwaterkeeper.org

With a copy to:

Zachary Griefen
Bryan Telegin
Bricklin & Newman, LLP
1424 Fourth Avenue, Suite 500
Seattle, WA 98101
griefen@bnd-law.com

CONSENT DECREE - 6

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

telegin@bnd-law.com

Notices for Defendant shall be sent to:

Josh Tewalt, Director
Idaho Department of Correction
1299 N. Orchard Street, Suite 110
Boise, Idaho 83706
jtewalt@idoc.idaho.gov
   cc:    Ross Castleton, Deputy Chief of Prisons
          rcastlet@idoc.idaho.gov

With a copy to:

Office of the Attorney General
Idaho Department of Correction
1299 N. Orchard Street
Boise, Idaho 83706
oklaas@idoc.idaho.gov
krschind@idoc.idaho.gov

Each Party shall promptly notify the other Party of any change in the above-listed contact information by using the procedures set forth in this paragraph.

23. **Authorization.** Each person signing this Decree represents and warrants that s/he has been duly authorized to enter into this Decree by the Party on whose behalf it is indicated that the person is signing.

24. **Successors and Assigns.** This Decree shall be binding upon and inure to the benefit of the Parties and their respective representatives, heirs, executors, administrators, successors, officers, directors, agents, attorneys, employees and permitted assigns.

25. **Interpretation.** The provisions contained herein shall not be construed in favor of or against any Party because that party or its counsel drafted this Decree, but shall be construed as if all Parties prepared this Decree, and any rules of construction to the contrary are hereby specifically waived. The terms of this Decree were negotiated at arm's length by the Parties hereto.

26. **Headings.** The section and paragraph headings contained in this Decree are for reference purposes only and shall not affect in any way the meaning or interpretation of this Decree.

27. **Counterparts.** Facsimile, electronic and scanned signatures shall be deemed to be originals for all purposes. Copies of the original Agreement, whether transmitted by facsimile or other means, shall be effective. This Agreement may be signed in counterparts.

CONSENT DECREE - 7

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

28. Severability. In the event that any of the provisions of this Decree are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

29. Force Majeure. For purposes of this Decree, a "Force Majeure event" is defined as any event arising from causes beyond the control of IDOC, including its contractors and subcontractors, that delays or prevents the timely performance of any obligation under this Decree, except for payment obligations as provided in Sections IV and V of this Decree, notwithstanding IDOC's best efforts to avoid the delay. The deadline for the responsibility to perform any action under this Decree may be extended for up to the number of days of nonperformance caused by the Force Majeure event, provided that Defendant complies with the notice requirements of this paragraph. Examples of events which may constitute Force Majeure events include severe weather events, natural disasters, and national, state or regional emergencies. Examples of events that are not Force Majeure events include, but are not limited to, normal inclement weather, unanticipated or increased costs or expenses of work, IDOC's financial difficulty in performing such work and acts or omissions attributable to IDOC's contractors or representatives. If any Force Majeure event occurs which may delay the performance of any obligation under this Decree, IDOC shall notify Waterkeeper at the addresses specified above within three (3) business days after IDOC first knows, or should know, that the event might cause a delay. This written notice shall include, without limitation: (i) an explanation of the causes of any actual or expected delay or noncompliance; (ii) the anticipated duration of delay; (iii) the measures taken and to be taken by IDOC to prevent or minimize the delay or nonperformance; (iv) a proposed schedule for the implementation of such measures; and (v) a statement as to whether in the opinion of IDOC the Facility can continue to operate in a manner which will not violate this Decree. If a delay or anticipated delay in performance is attributable to Force Majeure, the time for performance of the obligations under this Decree that are affected by the Force Majeure event may be extended for up to the number of days of nonperformance caused by the Force Majeure event.

**REMAINING PAGE INTENTIONALLY BLANK**

CONSENT DECREE - 8

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

**Snake River Waterkeeper**

By: _____   Date: 10/19/2021
F.S. "Buck" Ryan
Snake River Waterkeeper
2123 N. 16th St.
Boise, ID 83702

**Idaho Department of Correction**

By: _____   Date: 10/19/2021
Josh Tewalt, Director
1299 N. Orchard Street, Suite 110
Boise, Idaho 83706

ENTERED and DATED this 3rd day of November, 2021.



DATED: **November 03, 2021**

B. Lynn Winmill
U.S. District Court Judge

CONSENT DECREE - 9

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel  (206) 264-8600
Fax  (206) 264-9300